# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| IGNITE RESTAURANT GROUP, INC., et al.,[1] | ) | Case No. 17-33550 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| _____ | ) | |
| | ) | |
| DRIVETRAIN, LLC, as Trustee of the Ignite Restaurant Group GUC Trust, | ) | Adv. Pro. No. _____ |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KASEYA US SALES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | | |

## COMPLAINT FOR AVOIDANCE AND
## RECOVERY OF PREFERENTIAL TRANSFERS

Plaintiff Drivetrain, LLC, as the duly appointed Trustee of the Ignite Restaurant Group GUC Trust (the "GUC Trustee" or "Plaintiff") of the Ignite Restaurant Group, Inc. ("IRG"), by and through its undersigned counsel, submits this Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") against Kaseya US Sales, LLC (the "Defendant"), its successors, assigns and ultimate transferees, and alleges as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number (if any), are: Ignite Restaurant Group, Inc. (1359); Ignite Restaurant Group – RSC LLC (1791); Joe's Crab Shack, LLC (4189); Joe's Crab Shack – Redondo Beach, Inc. (5107); BHTT Entertainment, LLC (9818); Ignite Restaurants – New Jersey, LLC (5907); Joe's Crab Shack – Maryland, LLC (5297); Joe's Crab Shack – Anne Arundel MD, LLC (9318); Brick House Development, LLC (2944); JCS Monmouth Mall – NJ, LLC (3509); JCS Development LLC (4235). The Debtors' service address is: 10555 Richmond Avenue, Houston, Texas 77042.

**NATURE OF THIS ACTION**

1.      On June 6, 2017 (the "Petition Date"), each of the debtors (collectively the "Debtors"), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Court"), as jointly administered as *In re Ignite Restaurant Group, Inc., et al.*, Case No. 17-33550 (DRJ).

2.      Through this Complaint, Plaintiff seeks a money judgment resulting from and relating to all transfers made by the Debtors during the 90 days before the Petition Date as particularly identified herein pursuant to section 502(d) of the Bankruptcy Code.  In particular, the Complaint seeks the entry of a judgment in favor of the Plaintiff and against the Defendant avoiding the Transfers described below, and preserving and recovering the preferential transfers or their equivalent monetary value pursuant to sections 547 and 550 of the Bankruptcy Code.

**THE PARTIES**

3.      On December 1, 2017, the Court entered an order ("Confirmation Order") [Docket No. 967] confirming the Debtors' Joint Chapter 11 Plan as of September 18, 2017 [Docket No. 708] (the "Plan").  The Plan became effective on December 19, 2017 (the "Effective Date") [Docket No. 1031].  The Plan provides for the establishment of the GUC Trust ("GUC Trust") and in accordance with the Confirmation Order, Plaintiff Drivetrain LLC was duly appointed through the GUC Trust Agreement and Declaration of Trust (the "Trust Agreement") as Trustee of the GUC Trust.

4.      On the Effective Date, the GUC Trust Causes of Action were transferred to the GUC Trust.

5.      Plaintiff is informed and believes and thereon asserts that Defendant is a limited liability company formed under the laws of the State of Delaware.

2

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter under the Bankruptcy Code and pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and this is a core proceeding pursuant to 28 U.S.C. § 157.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

8.      The statutory predicates for the relief requested herein are sections 547 and 550 of the Bankruptcy Code and Rules 7001(1) and (9) of the Federal Rules of Bankruptcy Procedure.

9.      In conformity with Local Bankruptcy Rule of the United States Bankruptcy Court for the Southern District of Texas 7008-1, Plaintiff confirms its consent to the entry of a final order by this Court in connection with this Complaint and the adversary proceeding initiated thereby, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgment in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND FACTS

10.     The Debtors maintained two established restaurant brands, Joe's Crab Shack ("Joe's") and Brick House Tavern + Tap ("Brick House"), that offered to the public a variety of food and beverages in a distinctive, casual, and unique atmosphere.  As of the Petition Date, the Debtors' operated 137 restaurants in the United States and three international franchise locations.

11.     The GUC Trust was established for the purpose of collecting, holding, administering, distributing, and liquidating the GUC Trust Assets, including, without limitation, to prosecute Avoidance Actions.  Pursuant to Section 3.3 of the Trust Agreement, the GUC Trust has the exclusive right, power, and interest to pursue, commence, prosecute, and/or resolve the GUC Trust Causes of Action.

12.     In the course of its business operations prior to the Petition Date, one or more of the Debtors obtained $59,500.00 from Defendant, as a result of which Defendant was a creditor of the

Debtors.  Plaintiff is informed and believes and thereon asserts that Debtors received IT services from Defendant as more specifically described in the invoices for which payment is set forth in particular on **Exhibit "A"** hereto.

## FIRST CLAIM FOR RELIEF
### (Avoidable Transfers -- 11 U.S.C. § 547)

13.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

14.     Within 90 days prior to the Petition Date, the Debtors as identified on **Exhibit "A"** hereto transferred funds (the "<u>Transfers</u>") to the Defendant in payment for previously ordered products and/or services in connection with the Debtors' operation of their business, in the total amount of not less than $59,500.00, and as specifically identified on **Exhibit "A"** attached hereto.

15.     Each of the Transfers was made to the Defendant as a creditor of the Debtors in exchange for products and/or services rendered and/or provided by the Defendant and as typically referenced in an invoice and/or purchase order exchanged between the parties.

16.     Each of the Transfers was made on account of an antecedent debt or debts owed by the Debtors to the Defendant before each such Transfer was made, as asserted by the Defendant and memorialized in the invoices identified in **Exhibit "A"**, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of the Defendant prior to being paid by the Debtors.

17.     Each of the Transfers was made while the Debtors were insolvent, as the debts and obligations of the Debtors well exceeded the value of their assets.

18.     Unsecured non-priority creditors will not receive payment in full on their claims in this case. Thus, each of the Transfers to the Defendant enabled the Defendant to receive more than it would have received if:  (i) the Debtors' case was a case under chapter 7 of the Bankruptcy Code;

4

(ii) if the Transfers had not been made; and (iii) the Defendant received payment on the debt to the extent provided by the Bankruptcy Code.

19.     Based upon the foregoing, Plaintiff is entitled to an order and judgment against the Defendant under section 547 of the Bankruptcy Code that each of the Transfers is avoided.

## SECOND CLAIM FOR RELIEF
### (Recovery of Property – 11 U.S.C. § 550)

20.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint, as though set forth fully herein.

21.     The Defendant is the initial transferee of each of the Transfers, or the immediate or mediate transferee of such initial transferee.

22.     Upon information and belief, the Defendant had dominion and control over each of the Transfers and had a legal right to use the proceeds of such Transfers for its own purposes.

23.     As alleged above, Plaintiff is entitled to avoid each of the Transfers under section 547 of the Bankruptcy Code.  As the Defendant is the initial, immediate or mediate transferee of each of the Transfers, Plaintiff is entitled to recover for the GUC Trust the proceeds or value of the Transfers under 11 U.S.C. § 550.

**WHEREFORE**, Plaintiff prays for judgment as follows:

(i)     For a determination that each of the Transfers is avoidable as a preferential transfer pursuant to section 547 of the Bankruptcy Code, and that Plaintiff is entitled to recover each of the Transfers or the value thereof;

(ii)     For judgment in favor of Plaintiff and against Defendant determining that Plaintiff is entitled to recover the Transfers for the benefit of the GUC Trust, pursuant to section 550 of the Bankruptcy Code;

DOCS_LA:322178.1 40162/004

      (iii)      Awarding prejudgment interest to Plaintiff from the date of notice of the claim therefor;

      (iv)      Awarding to Plaintiff the costs of suit incurred herein; and

      (v)      For such other and further relief as the Court may deem just and proper.

Dated:  May 23, 2019           Respectfully submitted,


*/s/ Michael D. Warner*
Jason S. Pomerantz (Admitted *pro hac vice*)
Jeffrey P. Nolan (Admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Telephone:  (310) 277-6910
Facsimile:   (310) 201-0760
Email:  jspomerantz@pszjlaw.com
        jnolan@pszjlaw.com

- and -

Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
301 Commerce Street, Suite 1700
Fort Worth, TX 76102
Telephone: (817) 810-5250
Facsimile: (817) 810-5255
Email: mwarner@coleschotz.com
        bwallen@coleschotz.com

*Counsel for Plaintiff, DRIVETRAIN, LLC, as Trustee
of the Ignite Restaurant Group GUC Trust*

DOCS_LA:322178.1 40162/004

# EXHIBIT "A"

56797/0002-17318665V2
DOCS_LA:321685.3 40162/004
DOCS_LA:322178.1 40162/004

**Payments within 90 Days**
**Petition Date:  6/6/2017**

**In re Ignite Restaurant Group, Inc., et al., Debtors**
**USBC, Southern District of Texas**
**Houston Division, Case No. 17-33550 (DRJ)**

| Invoice Date | Invoice Number | Check Number | Payee | Payment Date | Payment Amount | Invoice Amount Paid |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
| 01/29/2017 | INV0002184176 | 315961 | KASEYA US SALES LLC | 03/22/2017 | $59,500.00 | $59,500.00 |